GEORGE KEISTER, Respondent, v. WILLIAM RANKIN, Appellant.

*Pleading — evidence of a* quantum meruit *admissible under a complaint to recover for services rendered at an "agreed" value — statement of a third party.*

Under a complaint, served in an action brought to recover for services rendered by an architect, which charges that the services were rendered at the defendant's request, "of the reasonable and agreed value of $21,716.69," the plaintiff may, despite the use of the adjective "agreed," show the value of the services rendered; but he is not entitled to show that he furnished, at the defendant's request, a workman designated in the record as "a Clerk of Works," and that he paid him $1,120, and to recover the sum thus paid.

In such a case a statement, made in the absence of the plaintiff by a party to whom it was suggested that the matter in dispute be referred, is inadmissible.

APPEAL by the defendant, William Rankin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of November, 1897, upon the verdict of a jury.

*Charles De Hart Brower*, for the appellant.

*E. W. Tyler*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover a sum alleged to be due for services rendered. The complaint charged that the plaintiff, "at

the request of the defendant, rendered to the defendant certain professional services as architect in connection with the construction of the Hotel Gerard, No. 123 to 129, inclusive, West Forty-fourth street, New York city, of the reasonable and agreed value of $21,716.69; that the defendant has paid on account of said sum the sum of $7,250, but that he has refused, and still refuses, to pay plaintiff the remainder of said sum or any part thereof, and that there is now due, and owing to plaintiff from defendant, the sum of $14,466.69," and it demanded judgment for that sum with interest. Upon the trial plaintiff had a verdict for $10,795.96, and from the judgment entered thereon defendant has appealed. He urges that the judgment should be reversed, (1) because the plaintiff was permitted to give evidence of the value of his services; (2) because the defendant was not permitted to testify as to a conversation had with a Mr. Moore· in reference to plaintiff's compensation; (3) because the plaintiff was permitted to recover the amount paid by him to a Mr. Lavelle, the clerk of works.

1. The exception taken by the defendant to the admission of evidence tending to establish the value of the services rendered by the plaintiff was not well taken. Under the complaint the plaintiff was manifestly entitled to make this proof. The action was brought to recover the value of the services rendered, and the use of the adjective "agreed" did not change its character.

2. Before the plaintiff rendered any services some discussion was had as to what his compensation was to be, and a suggestion was made that the matter be left to Mr. Moore; but it was immaterial whether the plaintiff acquiesced in the suggestion or not, for the reason that the services thereafter performed by him were entirely different from those which were contemplated at the time the suggestion was made. What the defendant sought to prove was a statement made by Moore in the plaintiff's absence, and which, so far as appears, Moore was not authorized to make. It was clearly inadmissible.

3. The plaintiff's testimony tended to show that he furnished, at the defendant's request, a workman by the name of Lavelle, designated in the record "a Clerk of Works," and that he paid him $1,120. This evidence was objected to by the defendant upon the ground that there was no allegation in the complaint which entitled

plaintiff to make such proof or recover the sum thus paid. The objection was overruled and the defendant excepted, and at the close of the trial the defendant requested the court to charge that "there can be no recovery in this action for the wages or services of Mr. Lavelle." This request was denied and an exception taken. The court instructed the jury that, if they found that there was an express agreement to employ and pay for the services of Lavelle, then they could add $1,120, the amount paid him, to and include the same in their verdict. The question, therefore, as to whether plaintiff was entitled to recover under the complaint the amount which he paid to Lavelle was squarely raised, not only by the objection to the admission of the evidence tending to establish it, but by the defendant's request to charge that there could be no recovery therefor. We think each exception was well taken. The plaintiff was not entitled under his complaint to recover this sum. It was not the cause of action alleged in the complaint, and to permit a recovery for that sum to stand is to permit a plaintiff to recover upon a cause of action not alleged or suggested in his complaint. This will not do. The defendant is entitled to know in advance of the trial the claim made against him.

For the error thus committed the judgment must be reversed, with costs to the appellant to abide the event, unless the plaintiff stipulates to modify the judgment appealed from by deducting from the amount of the verdict the sum of $1,120 and interest thereon from January 1, 1895, to the time the verdict was rendered, and in addition thereto five per cent of said sum. If the plaintiff so stipulates, then the judgment as thus modified should be affirmed, without costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to modify judgment by deducting from amount of verdict the sum of $1,120 and interest from January 1, 1895, to the rendition of the verdict, and in addition thereto five per cent of said sum. If plaintiff so stipulates, judgment as thus modified affirmed, without costs