must be shown to be of such a uniform, continual, and general usage that the defendant must be presumed to have contracted with reference to it." Scott v. Brown, 27 Misc. Rep. 204, 57 N. Y. Supp. 763, and cases cited. But the plaintiffs' testimony upon this point is vague and uncertain, while the testimony given on behalf of the defendant is clear and convincing that the custom, in cases similar to the one at bar, is for the broker to pay the disbursements, and the attorney to receive the sum of 1 per cent., exclusive of the expenses in making the searches, etc. As the judgment must therefore be reversed, it is unnecessary to consider the other points raised by the appellant.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.

---

## BAERTZ v. KRUEGER.[1]

(Supreme Court, Appellate Term. June 28, 1899.)

APPEAL—REVIEW—QUESTIONS OF FACT.

> A judgment will not be reversed on appeal, where the case was submitted to the court, and determined on questions of fact, as to which the evidence was conflicting, although the appellant was not represented by counsel.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Hulda Baertz against Pauline Krueger for labor. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Fluegelman & Bach, for appellant.

Carl L. Schurz, for respondent.

FREEDMAN, P. J. The pleadings in this case were oral. On the part of the plaintiff, they were stated in the return to be "wages of a female employé, other than a domestic," and the answer to be a "general denial, and counterclaim of $38." Upon the trial the plaintiff showed that her services consisted in making waists and a skirt for the defendant, that the value of her work was $20.55, that she had rendered a bill to the defendant for such services, and that no part of such sum had been paid. The defendant was not represented by counsel, and the testimony of herself and her daughter (her only witness) was drawn out by the alternate questioning of the court and the attorney for the plaintiff. The defendant testified, when asked by the court, that she kept what is called a "magnetic institute"; that she performed services for the mother of the plaintiff, and also nursed and treated the plaintiff and her sister for eight weeks, charging therefor only $5 per visit, for which her usual charge was $10 per visit; and that, at the time the plaintiff began doing the work for which she brought this action, she (plaintiff) was indebted to the defendant in the sum of $38. The judge then asked: "Q. How many

[1] For dissenting opinion, see 58 N. Y. Supp. 1055.

times did you visit her? A. She came to me. Q. She was there only 16 times? A. Yes, sir. Q. How much each time? A. $2." In answer to questions propounded by the plaintiff's attorney, the defendant testified that she offered her services to the plaintiff's mother; that they were rendered after the physician, who, it appeared, had previously been in attendance, had gone; and that her services were in place of such physician. The daughter of the defendant was sworn, and testified that the plaintiff came to her mother's house to work; that she had some pain in her side, and asked to be treated by the defendant; that the defendant said her regular price was "$5 in the house, and $10 out of the house, but, as the plaintiff was poor, she would make it $2"; that the plaintiff was to come and work; and that the defendant was to pay her $2 per day for dressmaking, but that the plaintiff only worked at the house two days. The plaintiff was then recalled, and testified that she worked for the defendant from the 24th day of September until the 1st day of November; that she had a little trouble in her side; that the defendant told her she had something the matter with her liver, and offered to, and did, treat her seven times, for which she never told her the price, or what the charge was; that, as to the treatment of the plaintiff's mother, she (plaintiff) said to defendant, "If you will make mamma well, we will make it straight." The defendant, although she was again upon the witness stand, did not dispute this, nor did she deny the statement made by the plaintiff as to the length of time the plaintiff was at work for her; and she further testified that the duties which she performed for the mother of the plaintiff were those of a physician, and that she had no license as such. After hearing the testimony on both sides, the court below rendered a judgment in favor of the plaintiff for the sum of $20.55.

Although, as before stated, the defendant was not represented by counsel, she was materially aided and assisted in the introduction of her testimony by the trial judge, who attempted to, and evidently did, by his fair and impartial conduct, arrive at the exact facts in the case, and apparently aimed to do equal justice to both parties. The counsel for the plaintiff seemed to treat the defendant and her witness fairly, and made no objection to any of the testimony offered by her, and by his questioning elicited facts upon both sides of the controversy. The witnesses were fairly and fully examined, and the actual situation of the parties and their relation to each other made to clearly appear. Whether the trial court refused to allow the entire counterclaim of the defendant upon the ground that the services claimed to have been rendered were those of a physician, for which she had no license, and therefore could not recover (Fox v. Dixon [Sup.] 12 N. Y. Supp. 267), or upon the ground that the value sought to be placed upon them by the defendant was so plainly exorbitant and extravagant as to throw discredit upon all her testimony, does not appear in the record. Either of those positions is supported by the evidence. From the point of view most favorable to the defendant, it can only be said that although seemingly able to procure counsel on the trial, as upon this appeal, she voluntarily submitted her case for decision to the court below; that her attorney upon this ap-

peal does not claim that thereby any of her rights were violated or infringed, or that upon a new trial evidence more favorable to her would be produced; and the determination of the trial judge being based upon a disputed question of fact, and nothing appearing to show that there was either prejudice, passion, or bias in the decision, or that injustice has been done, the judgment should be affirmed.

Judgment affirmed, with costs to respondent.

LEVENTRITT, J., concurs.　　MacLEAN, J., dissents.

---

### SHIPWAY et al. v. ROFRANO.

(Supreme Court, Appellate Term.　June 28, 1899.)

SALES—AGENCY.

One H. obtained an order from defendant to supply marble for an agreed sum. He then obtained employment from marble dealers, and gave them the order, incorrectly enumerating, however, the articles to be supplied. *Held*, that the dealers were bound to fill the order as it was given by defendant; failing in which, they could not recover the agreed sum.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John H. Shipway and others against Michael A. Rofrano. From a judgment for plaintiffs, defendant appeals.　Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jehiel T. Hurd, for appellant.
Ellis B. Southworth, for respondents.

LEVENTRITT, J.　This is an action for the balance due on the contract price of goods sold and delivered.　The defense alleges that there was only a partial delivery.　The sole question at issue is the quantity of marble to which the defendant was entitled.　Until the dispute arose as to the nature of the contract for the marble, the parties to this litigation had never met, the transactions between them having been conducted by one Hurlburt.　The latter approached the defendant, who was erecting certain buildings, and solicited an order for the marble work.　The defendant furnished him with a copy of the plans and specifications upon which to estimate.　Hurlburt thereupon submitted to the defendant a proposal, which was accepted, and at about the same time he went to the plaintiffs, sought employment as their salesman, and informed them that he had this order, which he desired them to fill.　He was taken into their employ, supplied them with a list prepared by him of the articles to be furnished the defendant, and was then requested to obtain a formal confirmation of the order.　This was done, and the following letter received:

"New York, June 20th, 1898.

"Mr. C. T. Hurlburt—Dear Sir: Your proposal to me of May 26th has been accepted. You can proceed with the delivery at once of the marble, and oblige.

"Yours, etc.,　　　　　　　　　　　　　　　　　　M. A. Rofrano.

"P. S.　Amt. to be paid for same is ($375 ⁰⁰/₁₀₀) three hundred and seventy-five dollars."