# MEMORANDA

OF

## CAUSES NOT REPORTED IN FULL.

SUPREME COURT, APPELLATE TERM, JUNE, 1899.

HULDA BAERTZ, Respondent, *v.* PAULINE KRUEGER, Appellant.

APPEAL by the defendant from a judgment rendered in favor of the plaintiff in the Municipal Court, ninth district, borough of Manhattan.

Fluegelman & Bach, for appellant.

Carl L. Schurz, for respondent.

FREEDMAN, P. J. The pleadings in this case were oral. On the part of the plaintiff they were stated in the return to be "Wages of a female employee, other than a domestic," and the answer to be a "general denial and counterclaim of $38.00."

Upon the trial the plaintiff showed that her services consisted in making waists and a skirt for the defendant, that the value of her work was twenty dollars and fifty-five cents; that she had rendered a bill to the defendant for such services and that no part of such sum had been paid.

The defendant was not represented by counsel, and the testimony of herself and her daughter (her only witness), was drawn out by the alternate questioning of the court and the attorney for the plaintiff. The defendant testified when asked by the court, that she kept what is called a magnetic institute; that she performed services for the mother of the plaintiff and also nursed and treated the plaintiff and her sister for eight weeks, charging therefor only five dollars per visit, for which her usual charge was ten dollars per visit and that at the time the plaintiff began doing the work for which she brought this action, she (plaintiff) was indebted to the defendant in the sum of thirty-eight dollars. The judge then asked: "Q. How many times did you visit her? A. She came to me. Q. She was there only 16 times? A. Yes, sir. Q. How

much each time? A. $2.00." In answer to questions propounded by the plaintiff's attorney the defendant testified that she offered her services to the plaintiff's mother; that they were rendered after the physician, who it appeared had previously been in attendance, had gone and that her services were in place of such physician. The daughter of the defendant was sworn and testified that the plaintiff came to her mother's house to work; that she had some pain in her side and asked to be treated by the defendant; that the defendant said her regular price was "$5. in the house and $10. out of the house, but as the plaintiff was poor she would make it $2.00;" that the plaintiff was to come and work and that the defendant was to pay her two dollars per day for dress-making, but that the plaintiff only worked at the house two days. The plaintiff was then recalled, and testified that she worked for the defendant from the twenty-fourth day of September until the first day of November; that she had a little trouble in her side; that the defendant told her she had something the matter with her liver and offered to and did treat her seven times, for which she never told her the price or what the charge was; that as to the treatment of the plaintiff's mother she (plaintiff) said to defendant, "If you will make Mama well, we will make it straight."

The defendant, although she was again upon the witness stand, did not dispute this, nor did she deny the statement made by the plaintiff as to the length of time the plaintiff was at work for her, and she further testified that the duties which she performed for the mother of the plaintiff were those of a physician, and that she had no license as such. After hearing the testimony on both sides, the court below rendered a judgment in favor of the plaintiff for the sum of twenty dollars and fifty-five cents.

Although, as before stated, the defendant was not represented by counsel, she was materially aided and assisted in the introduction of her testimony by the trial judge, who attempted to, and evidently did, by his fair and impartial conduct, arrive at the exact facts in the case, and apparently aimed to do equal justice to both parties. The counsel for the plaintiff seemed to treat the defendant and her witness fairly, and made no objection to any of the testimony offered by her, and by his questioning elicited facts upon both sides of the controversy. The witnesses were fairly and fully examined, and the actual situation of the parties and their relation to each other made to clearly appear.

Whether the trial court refused to allow the entire counterclaim of the defendant upon the ground that the services claimed to have been rendered were those of a physician, for which she had no

license, and, therefore, could not recover (Fox v. Dixon, 34 N. Y. St. Repr. 701), or upon the ground that the value sought to be placed upon them by the defendant was so plainly exorbitant and extravagant as to throw discredit upon all her testimony, does not appear in the record.

Either of those positions is supported by the evidence. From the point of view most favorable to the defendant, it can only be said, that although seemingly able to procure counsel on the trial as upon this appeal, she voluntarily submitted her case for decision to the court below; that her attorney upon this appeal does not claim that thereby any of her rights were violated or infringed, or that upon a new trial evidence more favorable to her would be produced, and the determination of the trial judge being based upon a disputed question of fact and nothing appearing to show that there was either prejudice, passion or bias in the decision, or that injustice has been done, the judgment should be affirmed.

LEVENTRITT, J., concurs.

MACLEAN, J. (dissenting). Both parties are women. On the trial the plaintiff was represented by counsel; the defendant had none. The pleadings were oral. That of the plaintiff was: " Wages of a female employee other than domestic." No evidence was given to support this. Some testimony there was as to services rendered and money expended for the defendant, but that would or should have been excluded on objection. Keister v. Rankin, 29 App. Div. 539. Judgment was rendered in favor of the plaintiff for all she claimed. When the plaintiff stopped, the defendant was questioned by the court as to her indebtedness to the plaintiff. She was not asked to state her " counterclaim," the substance of which came out incidentally during the questioning by the court. She was cross-examined by the plaintiff's counsel, but no one suggested that she should cross-question the plaintiff or the witnesses whom the plaintiff brought as in rebuttal, and who, like herself, were allowed to testify as to matters not in rebuttal, and even outside of the case. The defendant said she had nursed the plaintiff and that the plaintiff had agreed to pay her a specific price. There was some contradiction as to the arrangements for the services rendered the mother and sister, but the plaintiff admitted having received from the defendant upon some occasions substantially the treatment for which she claimed, massage, given at the defendant's place of business, but she denied

the agreement as to price, adding that no bill had been sent her, and that she did not know the price. No reference was made in the judgment to the counterclaim. Under the circumstances, some one, either the justice himself, mayhap even the counsel of the plaintiff, for his papers bear the imprint of a benevolent society of high repute, well might have suggested to the defendant either that she should have counsel if she was to be held so strictly to the rules of pleading, which the plaintiff was not, or that she should offer evidence under a *quantum meruit*, novel as that phrase would probably have been to her, at least that she should prefer the conventional motions and requests on the resting of the plaintiff and the close of the whole case. No assistance of this sort was offered, but after the plaintiff and her sister had finished with their so-called rebuttal, including a new statement of the case, the plaintiff's counsel was allowed to recall the defendant and endeavor to show that the nursing and treatment of the plaintiff were in contravention of a provision of the Public Health Law, respecting practice in medicine. The attempt failed. Although our statute does not contain the salutary rule of a venerable and respected foreign procedure, requiring that in courts of inferior jurisdiction, peculiarly the resort of the poor and the unlearned, the trial may not be proceeded with before the justice has made an attempt at conciliation, or the parties have voluntarily appeared for that purpose. There is recognized in long practice a duty on the part of such magistrates to explain the rights and remedies to persons who are not represented by counsel, especially when such persons are women. In furtherance of justice, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment affirmed, with costs to respondent.