## BAERTZ v. KRUEGER.

(Supreme Court, Appellate Term.  June 28, 1899.)

MUNICIPAL COURTS—LITIGANTS WITHOUT COUNSEL—EXPLANATION OF RIGHTS.
  It is error for a justice of a municipal court to fail to explain the rights
  and remedies to which a litigant who is not represented by counsel is en-
  titled, where he fails to avail himself thereof by reason of his ignorance.
  Per MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Ninth dis-
trict.

Dissenting opinion.  For majority opinion, see 58 N. Y. Supp.
1109.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Fluegelman & Bach, for appellant.
Carl L. Schurz, for respondent.

MacLEAN, J. (dissenting).  Both parties are women.  On the trial
the plaintiff was represented by counsel; the defendant had none.  The
pleadings were oral.  That of the plaintiff was, "Wages of a female em-
ployé other than domestic."  No evidence was given to support this.
Some testimony there was as to services rendered and money expend-
ed for the defendant, but that would or should have been excluded on
objection.    Keister v. Rankin, 29 App. Div. 539, 51 N. Y. Supp. 634.
Judgment was rendered in favor of the plaintiff for all she claimed.
When the plaintiff stopped, the defendant was questioned by the court
as to her indebtedness to the plaintiff.  She was not asked to state
her "counterclaim," the substance of which came out incidentally
during the questioning by the court.  She was cross-examined by the
plaintiff's counsel, but no one suggested that she should cross-ques-
tion the plaintiff or the witnesses whom the plaintiff brought as in
rebuttal, and who, like herself, were allowed to testify as to matters
not in rebuttal, and even outside of the case.  The defendant said
she had nursed the plaintiff, and that the plaintiff had agreed to pay
her a specific price.  There was some contradiction as to the arrange-
ments for the services rendered the mother and sister, but the plain-
tiff admitted having received from the defendant upon some occa-
sions substantially the treatment for which she claimed,—massage,—
given at the defendant's place of business, but she denied the agree-
ment as to price, adding that no bill had been sent her, and that she
did not know the price.  No reference was made in the judgment to
the counterclaim.  Under the circumstances, some one—either the
justice himself; mayhap even the counsel of the plaintiff, for his pa-
pers bear the imprint of a benevolent society of high repute—well
might have suggested to the defendant either that she should have
counsel if she was to be held so strictly to the rules of pleading, which
the plaintiff was not, or that she should offer evidence under a quan-
tum meruit, novel as that phrase would probably have been to her;
at least that she should prefer the conventional motions and requests
on the resting of the plaintiff and the close of the whole case.  No
assistance of this sort was offered, but, after the plaintiff and her

sister had finished with their so-called "rebuttal," including a new statement of the case, the plaintiff's counsel was allowed to recall the defendant, and endeavored to show that the nursing and treatment of the plaintiff were in contravention of a provision of the public health law respecting practice in medicine. The attempt failed. Although our statute does not contain the salutary rule of a venerable and respected foreign procedure requiring that in courts of inferior jurisdiction, peculiarly the resort of the poor and the unlearned, the trial may not be proceeded with before that the justice has made an attempt at conciliation, or that the parties have voluntarily appeared for that purpose. There is recognized in long practice a duty on the part of such magistrates to explain the rights and remedies to persons who are not represented by counsel, especially when such persons are women.

In furtherance of justice, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.